### PLACE v. CONKLIN et al.

(Supreme Court, Appellate Division, Second Department. November 22, 1898.)

1. MARRIAGE—CONTRACT TO PROCURE MARRIAGE—CONSIDERATION.

A woman for whom a husband had been secured by a marriage broker secured money and land from her husband, which, without his knowledge, she turned over to the broker in payment of his fee. *Held*, that the contract to procure the marriage was void, as against public policy, and therefore the husband could recover the amount paid to the broker.

2. APPEAL—RECORD—JUDGMENT ROLL—EVIDENCE.

Where a case is brought up on a judgment roll alone, without any evidence, the conclusions of law only, and not the findings of fact, can be reviewed.

Appeal from special term, Orange county.

Action by Isaac D. Place against James H. Conklin and others to recover money paid by plaintiff's wife to a marriage broker for procuring the marriage. Judgment for plaintiff was entered March 23, 1898, upon a decision rendered at special term (51 N. Y. Supp. 407), and defendants James H. and Mary F. Conklin appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

John Miller, for appellants.
A. H. F. Seeger, for respondent.

WILLARD BARTLETT, J. In the case of Duval v. Wellman, 124 N. Y. 136, 26 N. E. 343, a contract whereby a woman employed a man, as a marriage broker, to procure for her a husband, was pronounced void, as against public policy; and it was held that the woman was entitled to recover from the marriage broker the sum of $55, which she had paid for his efforts in her behalf. Although she was a participant in the wrongful transaction, she was deemed less blameworthy than the broker; and the court therefore felt warranted, under well-established rules, in granting her relief. To have done otherwise, as was pointed out by Brown, J., who delivered the opinion, would have been to enable the defendant and others of the same ilk "to ply their trade, and secure themselves in the fruits of their illegal transactions." The present case goes a step further. Here the efforts of the broker were successful in bringing about the desired marriage. The woman who employed him, in pursuance of a previous agreement between them, of which her husband had no knowledge, then procured money and land from the husband, and paid the broker his stipulated fee, by turning over the money to him, and giving him a mortgage on the land. This suit is brought by the victimized husband, who thus unwittingly paid the marriage brokerage, to recover the money from the broker and annul the mortgage; and the court at special term has rendered judgment in favor of the plaintiff. We find no difficulty in sustaining the judgment. If the action of Duval v. Wellman, supra, was maintainable by one who, although she was particeps criminis with the broker, was nevertheless not regarded as being in pari delicto with him, much more clearly is this suit maintainable by the husband here, who is wholly innocent in the transaction, and has simply been made the dupe of his wife and the marriage broker, who conspired together to obtain the brokerage fee out of his property. Their agreement was unlawful, and he who has suffered from it may assert its illegality, and have restored to him the property of which it has operated to deprive him.

The case comes before us upon the judgment roll alone, without any of the evidence. The appellants thus practically concede that the findings of fact are supported by the proof, and although they have filed exceptions to the findings of fact, as well as to the conclusions of law, they have no standing here, except to question the correctness of the latter. They insist that the property having been turned over to the woman after she was married, in pursuance of a promise made at the time of the engagement, the marriage constituted a good consideration for the transfer, and that, the money and land having thus become the property of the wife, she was at liberty, under the law, to do what she liked with her own. This argument, however, ignores the basic fact that the whole transaction

was vitiated by the conspiracy between the would-be wife and the marriage broker to obtain the marriage brokerage fee from the hoodwinked husband. Upon the findings of fact, we entertain no doubt as to the correctness of the conclusions of law reached by the learned trial judge in this case.

The judgment must therefore be affirmed.

Judgment affirmed, with costs. All concur.